IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRINA M. PORTER, | : | No. 4:07-CV-2004 |
| Plaintiff, | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| Defendant | : | |

### MEMORANDUM

October 23, 2008

This matter is before the Court on the Report and Recommendation of Magistrate Judge J. Andrew Smyser (Doc. 11.) which recommends that Trina M. Porter's appeal from the decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits under the Social Security Act be denied. For the reasons set forth below, the Court will adopt the Magistrate Judge's Report and Recommendation and deny Porter's appeal.

**I.   STANDARD OF REVIEW**

**A.   Review of a Magistrate Judge's Report and Recommendation**

When, as here, objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or the proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz,* 447 U.S. 667, 674-75 (1980). Under this

standard, a court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

B.  **Review of the Commissioner's Denial of Benefits**

A district court's review of the Commissioner's denial of benefits, however, is more limited. The court's role is to "determine whether there is substantial evidence to support the Commissioner's decision." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citing *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing *Pierce v. Underwood*, 487 U.S. 552 (1988)). "It is less than a preponderance of the evidence but more than a mere scintilla." *Jones*, 364 F.3d at 503 (quoting *Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995)). "Overall, the substantial evidence standard is a deferential standard of review." *Id.* (citing *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). "Where the ALJ's findings of fact are

supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

## II.   BACKGROUND

### A.   Procedural History

Porter filed an application for supplemental security income on August 2, 2005.  Porter alleges that she became disabled as of February 15, 2005, as the result of a congenital non-functioning right kidney, dysthymic disorder, vesico-ureteral reflux bilaterally, atrophy of the right kidney, irritable bowel syndrome, diverticulosis, chronic subluxation of the right shoulder and recurrent urinary tract infections.  Her claim was initially denied on October 26, 2005.  On December 9, 2005, Porter filed a written request for a hearing, which was held before Administrative Law Judge Richard Zack (the "ALJ") on January 17, 2007.  At the hearing Porter testified and was represented by counsel.

Porter was found to not be disabled in the ALJ's decision dated March 23, 2007.  The ALJ took notice that Porter had a functioning kidney and that Porter's statements concerning her own disability were not entirely credible.  The ALJ noted that Porter has had three successful pregnancies and is caring for her children with the help of her parents.  Furthermore, the ALJ found  Porter's testimony concerning her symptoms was under-supported and the record as a whole indicated

Porter was able to perform past relevant work.  In regard to the five-step evaluation process for determining whether an individual is disabled, the ALJ found that Porter had not engaged in substantial gainful activity since February 15, 2005, the alleged onset date.  20 CFR 416.920(b) and 416.971 *et seq*.  Next, the ALJ found that Porter had a severe impairment.  20 CFR 416.920(c).  However, the ALJ found that this impairment did not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  20 CFR 416.920(d), 416.925, and 416.916.  Additionally, the ALJ found that Porter's past relevant work did not require performance of work-related activities precluded by Porter's residual functional capacity ("RFC").  20 CFR 416.965.  Porter sought review from the ALJ's opinion with the Appeals Council was denied; thus, the ALJ's opinion is the final decision of the Commissioner.

Porter brought this appeal to obtain judicial review of the decision of the Commissioner of Social Security under the authority of 42 U.S.C. § 405(g).  In his Report and Recommendation, Judge Smyser concluded that the ALJ's decision was supported by substantial evidence.  Porter filed objections to the Report and Recommendation (Doc. 13), and the Commissioner filed a response thereto (Doc. 14).  Accordingly, this matter is ripe for disposition.

**B.     Statement of the Facts**

Porter claims disability as of February 15, 2005.  Porter testified that she is 23 years old with a ninth grade education.  Porter's last employment was the receiving and packaging diapers into boxes.  She stopped her employment approximately 7 months prior to the January 17, 2007 hearing.  Prior to that work, Porter had worked as a hotel housekeeper, a cashier, and a personal home patient case worker.  Porter has three children aged one, four, and five, and receives child support.  Porter and her children live with Porter's father who also helps with financial and support needs.  On the weekends, the children are with their father, Porter's ex-husband.  Porter testified that she occasionally performs chores and cooking.  Porter does not have a drivers license and testified that she was a "little afraid of driving."  Porter stated that her mother occasionally takes the children to appointments or "another friend will take me."  Porter further testified that she neither entertains any visitors nor visits any friends.

In 1989, at the age of six, Porter learned that one of her kidneys was not functioning.  Since then, Porter has suffered from problems associated with her kidneys and various infections.  According to Porter, these problems have led to depression and stress which requires counseling; however, she is not on any medications to treat that stress or depression.   Since her pregnancies Porter has

gained weight which, in her testimony, she attributes to her kidneys. Porter also complains of difficulty sleeping , a dislocated shoulder, and bacterial infections.

## III. DISCUSSION

Porter raises three objections to the Magistrate Judge's Report and Recommendation: (1) the Magistrate Judge erred in failing to give special significance to the treating source opinion of Dr. Frank Mahon, (2) the Magistrate Judge erred in failing to give special significance to the treating source opinion of Dr. Michael Lavin, and (3) the Magistrate Judge erred in determining that Dr. Mahon and Dr. Lavin's findings were not "medical opinions". The Court finds that the Magistrate Judge and ALJ appropriately considered and did not reject the opinions of both Dr. Mahon and Dr. Lavin. Porter's objections will be overruled.

### A. Whether the Opinion of Dr. Frank Mahon Should Have Been Given Special Significance

Porter makes essentially the same argument in her objections that she did before Judge Smyser: that the ALJ erroneously failed to give special significance to opinion of Dr. Mahon in determining Porter's RFC.

The ALJ found Porter had not engaged in substantial gainful activity since February 15, 2005, the alleged onset date (20 CFR 416.920(b) and 416.971 *et seq*.). The ALJ further found that, although Porter has a severe impairment[1], she

---

[1]The ALJ found that Porter had a cogential non-functioning right kidney and dysthymic disorder. The result being that Porter has only 10% function in her right kidney, and probable

does not have an impairment or combination of impairments that meets or medically equals a listed impairments. The ALJ determined that Porter has an RFC which indicates Porter can perform light work similar to past relevant work as a cashier, housekeeper, and packager. The ALJ found Porter is capable of lifting 10 pounds frequently, 20 pounds occasionally and has no problems sitting, standing, or walking with normal breaks and lunch periods. The Court's review of the record reveals that these findings are supported by substantial evidence.

In determining a claimant's RFC, the ALJ must consider all the medical and non-medical evidence, weigh the credibility of the evidence, and explain his conclusions, including the reasons for rejecting certain evidence. *See Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001); *see also Burnett v. Comm'r*, 220 F.3d 112, 122 (3d Cir. 2000). In this case, the ALJ met these requirements.

Porter emphasizes Dr. Mahon's opinion that she should "void every two to three hours" and that "voiding frequency and double voiding are important for" her, and variously argues that the ALJ rejected this opinion or did not accord it adequate significant. The Court finds that the ALJ did not improperly reject or ignore Dr. Mahon's opinion. The ALJ did not reject Dr. Mahon's opinion; in fact, the record reveals that the ALJ's determination of Porter's RFC is entirely consistent with Dr. Mahon's opinion. Dr. Mahon's opinion that Porter must void

---

compensatory enlargement of the left kidney which is only 74% functioning.

every two to three hours does not preclude Porter from employment, as she suggests. As the Commissioner notes, Porter may perform work consistent with the RFC determined by the ALJ and still maintain the voiding schedule suggested by Dr. Mahon through the use of legally mandated breaks. Moreover, the ALJ was entitled to place less emphasis Dr. Mahon's opinion which was formulated on July 8, 2003, more than a year-and-a-half before Porter's disability allegedly began. The ALJ's description of Porter's medical condition and his determination of Porter's RFC are consistent with Dr. Mahon's opinions, and therefore, the Court finds no error in the ALJ's consideration of those opinions.

  **B.  Whether The Treating Source Opinion Of Dr. Michael Lavin Should Have Been Given Special Significance**

  Porter also argues that the ALJ failed to give proper weight to Dr. Lavin's opinion regarding her GAF score when determining her RFC. GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. *Winters v. Barnhart*, 153 Fed. Appx. 846, 847 n.2 (3d Cir. 2005) (citing American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000) ["DSM-IV-TR"] ). The scale, which ranges from 1 to 100, is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* Porter argues that Dr. Levin's opinion supports a finding of

disability because "[a] global functioning assessment within the range of 41 to 50, according to the American Psychiatric Association Guideline, indicates the existence of an impairment which would produce serious symptoms such as . . . being unable to keep a job." (Doc. 13 at 16.) However, Dr. Lavin determined that Porter's GAF score was 53, not within the range which she relies upon. According to the DSM-IV-TR, a GAF score between 51 and 60 indicates "moderate" symptoms or difficulty in social, occupational, or school functioning. The ALJ's determination of Porter's RFC is entirely consistent with such symptoms.

Moreover, a GAF score is a subjective scale that only reflects an individual's functioning at a particular moment in time. *See Santiago v. Astrue*, 2008 WL 2571415, at *15-16 (W.D. Pa. June 25, 2008); *Burley v. Barnhart*, 2005 WL 2212363, at *1 (E.D. Pa. Sept. 9, 2005). The ALJ noted that Porter is not taking medications due to her depression, devotes time and attention to her three children, and was able to concentrate and appropriately respond to questions throughout the hearing. This substantial evidence of Porter's continuing ability to perform basic work activities despite the GAF score identified by Dr. Levin provided the ALJ with a permissible basis on which to afford less weight to the opinion of Dr. Lavin. *See Pevarnik v. Comm'r of Soc. Sec.*, 271 Fed. Appx. 221, 223 (3d Cir. 2008). Porter's objection will therefore be overruled.

### C. Whether The Magistrate Judge Provided Meaningful Review In Determining Dr. Mahon and Dr. Lavin's Findings Were Not "Medical Opinions"

Porter's final objection is that the Magistrate Judge erred in finding that Dr. Mahon's and Dr. Lavin's opinions are not "medical opinions" entitled to special significance. This is essentially the same argument made in Porter's other objections – that these opinions were not accorded appropriately significant weight. As an initial matter, the Court is not bound by the report and recommendation, and as discussed above, upon *de novo* review, the Court finds that ALJ's determinations to be supported by substantial evidence and Porter's objections without merit. Moreover, Porter misinterprets the Magistrate Judge's opinion. The report and recommendation states: "Citing a raw medical report is not equivalent to citing a medical opinion. There is not medical opinion cited *that Porter is disabled as a function of her mental capacity or of her global functioning level*." (Doc. 11 at 10 [emphasis added].) The Magistrate Judge's conclusion is thus the same as that discussed above. The opinions of Dr. Mahon and Dr. Levin neither state that she is disabled nor necessarily support such a determination. The Court finds no error.

**III.    CONCLUSION**

For the foregoing reasons, the Court will adopt the Report and Recommendation of the Magistrate Judge, overrule the objections thereto, and deny the Porter's appeal of the Commissioner's determination.  An appropriate order will be entered.